**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GRACE STUMPF | : | CIVIL ACTION |
| 112 Roberts Lane | : | |
| Lansdale, PA 19446 | : | JURY TRIAL DEMANDED |
| Plaintiff, | : | |
| vs. | : | |
| | : | C.A. NO. |
| FIRST STUDENT | : | |
| 191 Rosa Parks Street | : | |
| 8th Floor | : | |
| Cincinnati, OH 45202 | : | |
| Defendant. | : | |

**CIVIL ACTION**

1.      Plaintiff is an adult individual, residing at the above-captioned address, and a citizen of the Commonwealth of Pennsylvania.

2.      Defendant is an Ohio Corporation with its principle place of business at the above-captioned address and a citizen of the State of Ohio.

3.      As of December 2019, defendant was in the business of providing school bus services to various school districts including districts in the Commonwealth of Pennsylvania.

4.      This court has original jurisdiction over this matter based on 28 U.S.C. Section 1332 relating to the diversity of citizenship of the parties. The amount in controversy exceeds (exclusive of interest and costs) the sum of Seventy-Five Thousand Dollars ($75,000.00)

5.      Venue is proper in the Eastern District of Pennsylvania in that the event going rise to the claim occurred in the Eastern District of Pennsylvania. See 28. U.S.C. Section 1391 (a).

6.      On or about December 9, 2019 plaintiff was a minor, (age 13) and school student in the Colonial School District of Montgomery County in Pennsylvania.

7.      At that same time, defendant was under contract or other form of agreement with said district to transport students to and from school in school buses.

8.    Defendant employed bus drivers to accomplish the transportation with its own vehicles.

9.    On or about December 9, 2019, then minor plaintiff, along with several other students, was a passenger on a bus owned by defendant and operated by an agent or employee of defendant.

10.    On or about December 9, 2019, then minor plaintiff was sexually assaulted by another student while on defendant's bus which was, at the time of the assault, being operated by an agent or employee of defendant.

11.    The aforementioned assault was the result of the carelessness and negligence of defendant and its agent or employee and its reckless and/or conscious disregard for the then minor plaintiff's rights and in no manner by any act or omission of then minor plaintiff.

12.    Then minor plaintiff did not consent to any of the actions of the person who assaulted her.

13.    The carelessness, negligence and reckless and/or conscious disregard for plaintiff's rights exhibited by defendant consisted of the following"

a.  Failing to maintain proper and adequate supervision of the bus under the circumstances;

b.  Failing to maintain proper and adequate security of the bus under the circumstances;

c.  Filing to warn persons in the position of then minor Plaintiff of the unsecured and dangerous condition of the bus;

d.  Failing to perform proper and adequate inspection of the bus to determine the reasonableness of security under the circumstances;

e. Failing to provide a uniform level of security throughout the bus;

f. Negligence in the hiring, training and/or supervising of its agents, workmen, employees and/or independent contractors;

g. Failing to fulfill its duty of protection owed to then minor Plaintiff;

h. Failing to monitor the conduct of its passengers;

i. Failing to take reasonable precautions against the reasonably foreseeable likelihood of an assault similar to that which took place herein;

j. Failing to provide adequate and proper security and/or supervision when it knew or should have known of the hostile conditions on the bus;

k. Failing to comply with or adhere to its own system and/or level of security in the bus;

l. Failure to monitor the movement and conduct of its passengers who were or should have been known to possess unlawful propensities;

m. Entrusting the security and safety of passengers such as then minor Plaintiff to agents/employes who were inexperienced, under-experienced, unqualified or untrained to provide security on the bus; and

n. Negligence under Sections 323 and 344, Restatement of Torts (Second).

14. The above-described misconduct of Defendant increased the risk of harm to then minor Plaintiff.

15. Defendant is liable to plaintiff for the acts and/or omissions of its employees under the doctrine of Respondeat Superior.

16. As a result of the carelessness, negligence and reckless and/or conscious disregard for plaintiff's rights exhibited by defendant, then minor plaintiff suffered mental and emotional

pain, anguish, humiliation, loss of sense of worth and well-being all interfering with her ability to pursue and enjoy the normal pleasures of life.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with punitive damages, lawful interest and costs.

Respectfully submitted,

**AGOSTINO CAMMISA, ESQUIRE**
**I.D. No. 19692**
**TRICHON & CAMMISA, P.C.**
**1800 John F. Kennedy Blvd., Ste. 400**
**Philadelphia, PA 19103**
**acammisa@tcalawyers.com**
**(215) 575-7602**
**Attorney for Plaintiff**

## VERIFICATION

I, Grace Stumpf am a plaintiff in this action and hereby verify that the attached is based on first-hand information and/or information furnished to my counsel and/or obtained by him/her. The language of the document is that of counsel. To the extent that the contents of the document are based on information furnished to counsel and/or obtained by him/her, the affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. The verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

June 15, 2026
Date